IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SCHERING CORPORATION, now known
as Merck & Co. and OLD REPUBLIC
INSURANCE COMPANY,

        Plaintiffs,

vs.                                                                     No. CIV 11-0357 JB/KBM

DONALD J. GRIFFO, THOMAS
GONZALES, GINA DELFINO,
individually and as Personal Representative
of the Estate of MANUEL DELFINO, and
as Parent and Next Friend of DOMONIC
SENA and GABRIEL DELFINO, minors,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Gina Delfino's Motion to Dismiss and, Alternatively, Motion to Stay, filed June 17, 2011 (Doc. 11)("MTD"). The Court held a hearing on November 16, 2011. The primary issue is whether the Court should stay or dismiss the federal declaratory judgment action, because there is a parallel state proceeding. The Court will grant the Motion to Stay and deny the Motion to Dismiss. The Court concludes that the State Farm Fire & Casualty Company v. Mhoon, 31 F.3d 979 (10th Cir. 1994), factors weigh in favor of declining jurisdiction over the declaratory judgment action at this time.

## FACTUAL BACKGROUND

Plaintiff Schering Corporation, now known as Merck & Co., Inc. ("Schering Corp.") is a New Jersey pharmaceutical company with its principal place of business in Kenilworth, New Jersey. Complaint for Declaratory Relief ¶ 1, at 1, filed April 28, 2011 (Doc. 1)("Compl."). Plaintiff Old

Republic Insurance Company ("Old Republic") is a Pennsylvania corporation with its principal place of business in Illinois.  Compl. ¶ 2, at 1.

On April 29, 2005, Alicia Gonzales was driving on Interstate 25 in Albuquerque, New Mexico, when her vehicle collided with another vehicle.  Compl. ¶ 4, at 2.  The collision fatally injured Manuel Delfino, an occupant of the other vehicle and an eight-year old boy, and injured Defendant Gina Delfino, Manuel's mother.  Compl. ¶ 4, at 2.  On April 25, 2008, Gina Delfino, individually, as personal representative of Manuel Delfino's estate, and as parent and next friend of Dominic Sena and Gabriel Delfino, Manuel Delfino's minor siblings, filed a lawsuit in the Second Judicial District, Bernalillo County, State of New Mexico, Case No. D-202-CV-2006-03125 ("state lawsuit") against Defendants Donald J. Griffo and Thomas Gonzales, Schering Corp.'s employees, as well as Schering Corp. and others.  Compl. ¶ 5, at 2.  The state lawsuit alleges that A. Gonzales was intoxicated at the time of the collision.  See Compl. ¶ 6, at 2.  The state lawsuit also alleges that, before the collision, A. Gonzales had been drinking alcoholic beverages which Griffo and T. Gonzales purchased for her.  See Compl. ¶ 7, at 2.  Additionally, the state lawsuit alleges that Griffo and Gonzales were negligent in serving alcohol to A. Gonzales when she was already intoxicated, and in allowing her to drive her vehicle while intoxicated.  See Compl. ¶ 8, at 2.  In the state lawsuit, Gina Delfino alleges that Griffo and T. Gonzales are liable to her individually, and in her representative capacity, for: (i) her personal injuries; (ii) the death of M. Delfino; (iii) loss of consortium that she, Sena, and Gabriel Delfino suffered; and (iv) punitive damages.  See Compl. ¶ 9, at 2.

Schering Corp. employed Griffo and T. Gonzales on April 29, 2005, and the state lawsuit alleges that Griffo and T. Gonzales negligently contributed to A. Gonzales' intoxication and allowed her to drive while intoxicated.  See Compl. ¶¶ 10, 17, at 2-3.  Furthermore, the state lawsuit asserts

-2-

that Griffo and T. Gonzales were with A. Gonzales for a business purpose, because she was an employee of Dr. David Leech, an Albuquerque physician.  See Compl. ¶ 11, at 3.  It alleges that Griffo and T. Gonzales were acting within the course and scope of their employment with Schering Corp.  See Compl. ¶ 12, at 3.  The state lawsuit asserts that Schering Corp. is vicariously liable for Griffo and T. Gonzales' actions, because Schering Corp. was their employer.  See Compl. ¶ 13, at 3.  The state lawsuit further asserts that Schering Corp. was negligent in hiring, training, and supervising Griffo and T. Gonzales, because it allowed and encouraged them to serve alcohol to physicians or a physician's staff to the point of obvious intoxication while in the course and scope of their employment without educating its' employees about the perils of alcohol.  See Compl. ¶ 14, at 3.

Old Republic's general liability insurance Policy No. MWZY 56095 in favor of Schering Corp. was in effect on April 29, 2005 and has a single occurrence limit of $5 million.  See Compl. ¶ 18, at 4.  The policy covers both Schering Corp. and its employees for negligence claims when an employee acts within the course and scope of his or her employment.  See Compl. ¶ 19, at 4.  Schering Corp. alleges that Griffo and T. Gonzales were not acting within the course and scope of their employment.  See Compl. ¶ 20, at 4.  Schering Corp. and Old Republic assert that, because Griffo and T. Gonzales were not acting within the course and scope of their employment on April 29, 2005, Schering Corp. has no duty to defend or indemnify them on the claims brought against them in the state lawsuit.  See Compl. ¶¶ 22-23, at 4.

On April 25, 2008, Gina Delfino filed her Third Amended Complaint for Negligence Per Se, Negligence, Negligent Hiring, Retention and Training, Negligent Hiring Retention and Supervision, Prima Facie Tort, Intentional and Negligent Infliction of Emotional Distress, Loss of Consortium, Public Nuisance, and Injunctive Relief (dated April 25, 2008), filed June 17, 2011 (Doc. 11-

1)("State Third Amended Complaint"), in the Second Judicial District, Bernalillo County, State of New Mexico.  See Doc. 11-1.  Included as Defendants in the state lawsuit were: (i) Cue Inc., a New Mexico Corporation; (ii) 3TM Investments Inc., a New Mexico Corporation doing business as Doc & Eddy's; (iii) Brinker International Inc., a foreign corporation, doing business as Chili's Restaurant & Bar, Brinker Restaurant Corporation, a foreign corporation; (iv) Schering Corp.; (v) Griffo; (vi) T. Gonzales; (vii) Mike Donahue; (viii) James Paz; (ix) Merck & Co., Inc., a New Jersey Corporation; (x) Abbott Laboratories, Inc., a Delaware Corporation; (xi) Kraffty, LLC, a New Mexico Limited Liability Corporation doing business as Uptown Sports Bar & Grill, Uptown Square Venture, a New Mexico General Partnership; (xii) John Whisenant; (xiii) Ronald Nelson; (xiv) John Doe I; (xv) John Doe Company X; and (xvi) John Doe Company Y.  See State Third Amended Complaint at 1.  On May 19, 2008, Schering Corp. filed Schering Corp.'s Answer to Third Amended Complaint for Negligence Per Se, Negligence, Negligent Hiring, Retention and Training, Negligent Hiring Retention and Supervision, Prima Facie Tort, Intentional and Negligent Infliction of Emotional Distress, Loss of Consortium, Public Nuisance, and Injunctive Relief (dated May 19, 2008), filed June 17, 2011 (Doc. 11-2)("Schering Corp.'s State Answer").  On May 28, 2008, Defendants in the state lawsuit, Merck & Co. and Paz, filed Merck & Co., Inc. and James Paz's Original Answer to Plaintiffs' Third Amended Complaint (dated May 28, 2008), filed June 17, 2011 (Doc. 11-3)("Merck's State Answer").  In Schering Corp.'s State Answer, Schering Corp. denied paragraphs 41 through 44 of the State Third Amended Complaint, which included allegations that: (i) on April 29, 2005 A. Gonzales attended an out-of-office luncheon hosted by T. Gonzales, Griffo, Donahue, and Paz, as pharmaceutical representatives working for Schering Corp., Abbott Laboratories, Inc., and Merck & Co., Inc.; (ii) Schering Corp. employed Griffo and T. Gonzales, and they were working within the course and scope of their employment; (iii) T. Gonzales, an employee of

-4-

Schering Corp., hosted a luncheon and purchased alcoholic beverages for A. Gonzales and other members of Dr. Leech's office at one or more establishments on April 29, 2005; and (iv) Griffo, an employee of Schering Corp., hosted and purchased alcoholic beverages for A. Gonzales and other members of Dr. Leech's office at one or more establishments.  See MTD at 3-4; Schering Corp.'s State Answer ¶¶ 41-44, at 7; State Third Amended Complaint ¶¶ 41-44, at 2-3.  In Merck's State Answer, Merck & Co. denied allegations that: (i) on April 29, 2005, A. Gonzales attended an out-of-office luncheon that T. Gonzales, Griffo, Donahue, and Paz, as pharmaceutical representatives working for Schering Corp., Abbott Laboratories, and Merck & Co., hosted; and (ii) Merck & Co. employed Paz, and he was working within the course and scope of his employment.  See MTD at 4-5; Merck's State Answer ¶¶ 9, 11, at 2; State Third Amended Complaint ¶¶ 41, 47, at 2, 4.

On August 25, 2008,[1] the Honorable Nan Nash, District Court Judge for the Second Judicial District Court, Bernalillo County, State of New Mexico, held that the Schering Corp., Merck & Co., and Abbott Laboratories were not social hosts under N.M.S.A. 1978, § 41-11-1E, the Liquor Liability Act, and that they did not owe common-law duties.  See MTD at 6.  Accordingly, Judge Nash dismissed those claims.  See MTD at 6.  Gina Delfino appealed that decision to the Court of Appeals of New Mexico, and on April 28, 2010, the Court of Appeals of New Mexico certified the appellate issues to the Supreme Court of New Mexico.  See MTD at 6.  The Supreme Court of New Mexico accepted certification and, on April 28, 2011, reversed Judge Nash's decision.  See MTD at 6.  The Supreme Court of New Mexico held that Schering Corp., Merck & Co., and Abbott

---

[1]Although G. Delfino did not provide a date in her Motion to Dismiss, the Court consulted the state court docket, which confirmed that the Order of Dismissal as to Griffo, Abbott Laboratories Inc., Paz, Merck & Co., and T. Gonzales was entered on August 26, 2008.  See Delfino v. Griffo, D-202-CV-200603125, available at http://www2.nmcourts.gov/caselookup/app.

Laboratories could be social hosts under the N.M.S.A. 1978, § 41-11-1E.  See MTD at 6 (citing Delfino v. Griffo, 150 N.M. 97, 257 P.3d 917 (2011)).  In light of its decision, the Supreme Court of New Mexico remanded the case to Judge Nash for further proceedings.  See MTD at 6.

On June 9, 2008, Schering Corp. and Old Republic filed a complaint in the United States District Court for the District of New Mexico.  See Schering Corp. v. Griffo, No. CIV 08-550 WJ-LFG, Complaint for Declaratory Judgment, filed June 9, 2008 (Doc. 1)("First Declaratory Judgment Complaint").  On July 14, 2008, Gina Delfino filed a motion to dismiss or, in the alternative, to stay the declaratory judgment proceedings.  See Schering Corp. v. Griffo, No. CIV 08-550 WJ-LFG, Motion to Dismiss Complaint for Declaratory Judgment or, in the Alternative, Motion to Stay Declaratory Judgment Proceedings and Supporting Memorandum, filed July 14, 2008 (Doc. 11)("First Motion to Dismiss").  The same issues before the Court in this motion to dismiss were presented to the Honorable William P. Johnson, United States District Court Judge for the United States District Court for the District of New Mexico, in the First Declaratory Judgment Complaint and First Motion to Dismiss.  See First Declaratory Judgment Complaint at 1; First Motion to Dismiss at 1.  On September 9, 2008, the parties stipulated to dismissal without prejudice of the First Declaratory Judgment Complaint under rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, after the state court entered an order dismissing claims against Griffo, Gonzales, Abbott Laboratories, Merck & Co., and Paz in the state lawsuit.  See Schering Corp. v. Griffo, No. CIV 08-550 WJ-LFG, Stipulation of Dismissal Without Prejudice at 1, filed September 9, 2008 (Doc. 24)("Stipulation of Dismissal").

**PROCEDURAL BACKGROUND**

On April 28, 2011, Schering Corp. and Old Republic filed their Complaint.  See Doc. 1.
Schering Corp. and Old Republic assert that they are entitled to a declaratory judgment, because

Griffo and T. Gonzales were not acting within the course and scope of their employment.  See Compl. ¶¶ 22-23, at 4.

On June 17, 2011, Gina Delfino filed her Motion to Dismiss and, Alternatively, Motion to Stay.  See Doc. 11.  Gina Delfino argues that the Court should abstain from hearing this matter, or, alternatively, should stay this matter pending the outcome and determination of the previously filed parallel state lawsuit.  See MTD at 1.  She asserts that Schering Corp. and Old Republic are engaging in "procedural fencing" and are attempting to use the declaratory judgment action before the Court to encroach on the ongoing state court proceeding.  See MTD at 2.  Gina Delfino asserts that all other factors that courts consider when analyzing a declaratory judgment militate in favor of abstention.  See MTD at 2.  Gina Delfino argues that Schering Corp. and Old Republic are either attempting to "wrest from the state court the resolution of one of Schering's affirmative defenses," "disrupt the state court case entirely, thereby depriving the Delfinos of their choice of forum," or "obtain a tactical advantage in settlement negotiations."  MTD at 2.  Gina Delfino contends that this is a "perversion" of the Declaratory Judgment Act, 28 U.S.C. § 2201.  MTD at 2 (citing Morrison v. Parker, 90 F.Supp.2d 876, 880 (W.D. Mich. 2000)).  Gina Delfino asserts that Schering Corp. and Old Republic are asking the Court to determine disputed factual issues relevant to an affirmative defense already raised and joined in the state court action.  See MTD at 3.

Gina Delfino argues that she has two avenues of recovery against Schering Corp. in the state lawsuit: (i) vicarious liability for the actions of Griffo and T. Gonzales, whom she asserts were acting to further Schering Corp.'s interests; and (ii) direct claims against Schering Corp., which she asserts acted recklessly in adopting its marketing policy of "wine and dine events," and in failing to train its employees about or in supervising its employees at such events.  MTD at 12.  Gina Delfino asserts that resolving whether Griffo and T. Gonzales were acting within the course and

scope of their employment does not determine whether Schering Corp. is liable for its own allegedly reckless conduct.  See MTD at 12.  Addressing the matter before the Court, Gina Delfino asserts that, because resolution of this issue will not determine Schering Corp.'s ultimate liability in the state lawsuit, the Court should dismiss or stay the federal case.  See MTD at 13.  Furthermore, Gina Delfino argues that: (i) the case before the Court was filed as part of "a race to res judicata"; (ii) determining this issue would permit the improper removal of a factual determination which is before the state court; (iii) the matters raised in the action for declaratory judgment are state law issues and do not involve determinations of federal law; and (iv) the state is already in the process of determining and is better positioned to determine the factual issues that underlie the question whether Griffo and T. Gonzales were acting within the course and scope of their employment.  MTD at 13.

Gina Delfino argues that the primary purpose of the Declaratory Judgment Act is to avoid "accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication without waiting until his adversary should see fit to begin suit, after damage has accrued."  MTD at 14 (citing Cunningham Bros. Inc. v. Bail, 407 F.2d 1165, 1167-68 (7th Cir. 1969)).  She contends that using the Declaratory Judgment Act to compel personal injury plaintiffs to litigate their claims "at a time and in a forum chosen by the alleged tortfeasor has been deemed a perversion of the Act."  MTD at 14 (citing Cunningham Bros. Inc. v. Bail, 407 F.2d at 1167; Morrison v. Parker, 90 F.Supp.2d at 880; Sun Oil Co. v. Transcontinental Gas Pipe Line Corp., 108 F.Supp. 280, 282 (E.D. Pa. 1952; 10B Wright, Miller & Kane § 2765, at 638 (3d ed. 1998)).  Arguing that the Court should abstain, Gina Delfino contends that Brillhart v. Excess Insurance Company of America, 316 U.S. 491 (1942), applies and that the decision makes clear that district courts possess discretion in determining whether to entertain an action under the Declaratory Judgment Act.  See MTD at 15

(citing <u>Wilson v. Seven Falls Co.</u>, 515 U.S. 277, 286 (1995); <u>THI of N.M. at Las Cruces, LLC v.</u>

<u>Fox</u>, 727 F.Supp.2d 1195, 1203 (D.N.M. 2010)(Browning, J.)).  Gina Delfino asserts that the United

States Court of Appeals for the Tenth Circuit has established a five-factor test for determining

abstention under <u>Brillhart v. Excess Insurance Company of America</u>, and that all of the applicable

factors weigh in favor of abstention.  <u>See</u> MTD at 15-17 (citing <u>State Farm Fire & Cas. Co. v.</u>

<u>Mhoon</u>, 31 F.3d 979, 983 (10th Cir. 1994)).  Those factors include: (i) whether a declaratory

judgment would settle the controversy; (ii) whether it would serve a useful purpose in clarifying the

legal relations at issue; (iii) whether the declaratory remedy is being used for purposes of procedural

fencing or to provide an arena for a race to res judicata; (iv) whether the use of a declaratory

judgment would increase friction between federal and state courts; and (v) whether there is an

alternative remedy which is better or more effective.  <u>See</u> MTD at 16 (citing <u>State Farm Fire & Cas.</u>

<u>Co. v. Mhoon</u>, 31 F.3d at 983).

Turning to the five factors, Gina Delfino first argues that the case before the Court will not

settle the state lawsuit and will not serve a useful purpose.  <u>See</u> MTD at 18.  She asserts that, where

the only purpose of the declaratory judgment action is the ultimate determination of liability on an

already accrued damage claim, the declaratory judgment plaintiffs are not acting at their peril, and

the first factor weighs in favor of dismissing the suit.  <u>See</u> MTD at 18 (citing <u>AmSouth Bank v.</u>

<u>Dale</u>, 386 F.3d 763, 786 (6th Cir. 2004)).  With respect to the second factor, Gina Delfino contends

that, because Old Republic has a duty to defend Schering Corp. even if Griffo and T. Gonzales were

not acting within the course and scope of their employment, a declaratory judgment is of no

immediate benefit to it.  <u>See</u> MTD at 20.  Gina Delfino also asserts that Schering Corp. may not

benefit from a declaratory judgment, because, currently, there are multiple lawyers on the case who

can assist Schering Corp.'s attorneys and the work can be divided among Schering Corp.'s

attorneys, and Griffo or T. Gonzales' attorneys.  See MTD at 20.  Thus, Gina Delfino argues, "the second factor weighs in favor of abstention as this action would not fully clarify the legal relations, and would interfere with the determination of factual issues in the state court case."  MTD at 21.

Gina Delfino asserts that the third factor also weighs in favor of abstention.  She notes that the United States District Court of the Western District of Michigan cautioned against permitting a declaratory judgment action proceed in similar circumstances in Morrison v. Parker.  See MTD at 21.  She argues that Schering Corp. and Old Republic are attempting to force an early factual determination of the course and scope of Griffo and T. Gonzales' employment.  See MTD at 21. Furthermore, Gina Delfino contends that Schering and Old Republic have nothing to lose, because if the Court issues an adverse ruling, they could still present their arguments to the state court jury. See MTD at 22.  Gina Delfino asserts that, if, on the other hand, Schering Corp. and Old Republic are successful, then they could attempt to preclude the state court from entertaining any arguments regarding course and scope of employment.  See MTD at 22.  Moreover, Gina Delfino argues that exercising jurisdiction in this matter would increase friction between the state and federal judicial systems.  See MTD at 23.  Gina Delfino argues that the Court's exercise of jurisdiction would create friction, because the Court would have to determine a disputed fact already at issue in the state lawsuit.  See MTD at 23.  Gina Delfino asserts that "removing an issue properly before the state court, and preventing the state court from continuing to properly exercise jurisdiction, is sure to increase friction."  MTD at 24.  Finally, addressing the fifth factor, G. Delfino contends that the state court action, initiated in 2008, is the best vehicle for completing discovery on the factual issues that she as well as Schering Corp. and Old Republic present.  See MTD at 24 (citing Am. Nat'l Prop. v. Wood, No. 07-1048, 2008 WL 2229742, at *11 (D.N.M. Mar. 21, 2008)(Browning, J.); Am. Nat'l Prop. v. Wood, No. 07-1048, 2009 WL 1299797, at *6 (D.N.M. Jan. 29, 2009)(Browning, J.)).  Gina

Delfino asserts that Schering Corp. will have a full and complete opportunity to seek to prove that its employees were not acting within the course and scope of their employment on April 29, 2005. <u>See</u> MTD at 25.  Furthermore, Gina Delfino argues that, regardless of the status of Schering Corp. and Old Republic's contention that Griffo and T. Gonzales were not acting with the course and scope of their employment, Old Republic will have to continue to defend Schering Corp. in the state lawsuit, because the Supreme Court of New Mexico determined that Schering was a social host. <u>See</u> MTD at 26 (citing <u>Delfino v. Griffo</u>, 150 N.M. 97, 257 P.3d 917).

On June 24, 2011, Griffo filed Defendant Donald J. Griffo's Joinder in Motion to Dismiss and, Alternatively, Motion to stay.  <u>See</u> Doc. 13 ("Griffo Joinder").  Griffo adopts and incorporates the facts and legal arguments that Gina Delfino raised.  <u>See</u> Griffo Joinder at 1.  He also represents that Gina Delfino does not oppose his joinder.  <u>See</u> Griffo Joinder at 1.  On July 5, 2011, T. Gonzales filed Defendant Thomas Gonzales's Joinder in Motion to Dismiss and, Alternatively, Motion to Stay.  <u>See</u> Doc. 16 ("T. Gonzales Joinder").  T. Gonzales also adopts and incorporates the procedural and legal arguments that Gina Delfino raised.  <u>See</u> T. Gonzales Joinder at 1.

On July 15, 2011, Schering Corp. and Old Republic filed the Plaintiffs' Response to Defendants' Motion to Dismiss and, Alternatively, Motion to Stay (Doc. 11).  <u>See</u> Doc. 17 ("Response").  Schering Corp. and Old Republic assert that they initiated this action with one intention -- to obtain a declaration that they have no duty to defend Griffo and T. Gonzales. <u>See</u> Response at 1.  Schering Corp. and Old Republic argue that G. Delfino's motion is not a motion for summary judgment, and that they would object to the Court converting the motion to dismiss into a motion for summary judgment.  <u>See</u> Response at 2.  Schering Corp. and Old Republic assert that they will soon file a motion for summary judgment, which will demonstrate that Gina Delfino's allegations cannot properly be characterized as factual allegations for consideration in the duty-to-

defend analysis.  See Response at 2.  They contend that Gina Delfino's arguments ignore "the long-standing practice of courts in permitting insurers (and like entities) to resolve questions as to their duty to defend in declaratory judgment actions, and the benefit of this practice in ensuring speedy resolution of duty to defend issues."  Response at 3.  Schering Corp. and Old Republic assert that this case is exactly one where a declaratory judgment is appropriate, because there is a morass of parties and issues.  See Response at 3.  Furthermore, Schering Corp. and Old Republic argue that Gina Delfino's assertion that Schering Corp. would still have to defend direct claims against it is "flat-out wrong," because all of Gina Delfino's common-law claims of negligence against Schering Corp. were dismissed.  Response at 3.  Addressing this argument, Schering Corp. and Old Republic assert that: (i) in January 2009, Schering Corp., Griffo, and T. Gonzales were dismissed with prejudice from the state lawsuit pursuant to motions to dismiss all claims; (ii) the Supreme Court of New Mexico partially reversed the state trial court's dismissal of Schering Corp. and other pharmaceutical Defendants, because, taking G. Delfino's allegations as true, they could be social hosts under N.M.S.A. 1978, § 41-11-1E; and (iii) the Supreme Court of New Mexico held that N.M.S.A. 1978, § 41-11-1E is Gina Delfino's exclusive remedy for recovery and thereby affirmed the dismissal of all of Gina Delfino's other claims against Schering Corp., Griffo, and T. Gonzales.  See Response at 4.  Schering Corp. and Old Republic argue that a decision in this case that Griffo and T. Gonzales were not within the course and scope of their employment would end Schering Corp.'s participation in the state case.  See Response at 4.

Schering Corp. and Old Republic also argue that the Court's discretion to decline jurisdiction is limited, because there is no parallel proceeding in state court.  See Response at 5.  They assert that the state court proceeding is not a parallel proceeding, because: (i) Old Republic is not a party to the state case; (ii) the question of coverage is not at issue in the state case; and (iii) the bars, which

face liquor liability claims in the state case, are not defendants in this case.  See Response at 5.
Schering Corp. and Old Republic contend that, when confronted with a similar case, the United
States Court of Appeals for the Eighth Circuit found that a district court abused its discretion in
dismissing the declaratory judgment action when there was no parallel state case.  See Response at
5 (citing Scottsdale Ins. Co. v. Detco Indus., Inc., 426 F.3d 994, 999 (8th Cir. 2005)).  Schering
Corp. and Old Republic point to Scottsdale Insurance Company v. Detco Industries, Inc. and cases
from other circuits where courts have found that there was no parallel state action, because the
insurer was not a party to the state lawsuit.  See 426 F.3d at 997; Agora Syndicate Inc. v. Robinson
Janitorial Specialists, Inc., 149 F.3d 371, 373 (5th Cir. 1998); Coregis Ins. Co. v. McCollum, 955
F.Supp. 120, 122 (M.D. Fla. 1997).

     Addressing the Tenth Circuit's five-factor test, from State Farm Fire & Casualty Company
v. Mhoon, Schering Corp. and Old Republic assert that all five factors weigh in favor of retaining
jurisdiction.  See Response at 7.  Schering Corp. and Old Republic argue that they brought this
action to determine their duty to defend Griffo and T. Gonzales, which turns on whether Griffo and
T. Gonzales were acting within the scope of their employment.  See Response at 7.  They also note
that Gina Delfino does not dispute that this action would settle that question.  See Response at 7.
Turning to the second factor, Schering Corp. and Old Republic contend that this action will clarify
the legal relations at issue, because it would resolve whether they are required to defend Griffo and
T. Gonzales.  See Response at 7.  They assert that their duty to defend is triggered only if Griffo and
T. Gonzales were acting within the course and scope of their employment.  See Response at 7.
Schering Corp. and Old Republic represent that it is "well settled that a declaratory judgment action
is useful in clarifying the relationship between an insured and insurer."  Response at 7-8 (citing
Cont'l Cas. Co. v. Bowen, No. 09-0810, 2010 WL 3743909, at *2 (D. Utah Sept. 22, 2010);

Monticello Ins. Co. v. Kendall, No. 96-2546, 1997 WL 557326, at *1 (D. Kan. Sept. 24, 1997)).

Furthermore, they argue that the third factor weighs in their favor, because they did not institute this

action for the purposes of procedural fencing; rather, they brought suit to reach an expeditious and

efficient resolution whether they have a duty to defend Griffo and T. Gonzales. See Response at 8.

Schering Corp. and Old Republic assert that a plaintiff-insurer cannot be characterized as using a

declaratory judgment action as a means of procedural fencing, because scope of insurance coverage

determinations are "precisely the type of actions" that declaratory judgment actions are intended to

resolve.  Response at 8 (citing Cont'l Cas. Co. v. Bowen, 2010 WL 3743909, at *2).  They argue

that they have a substantial interest in resolving this question early, because defending the state

lawsuit, set for trial in October 2012, will likely be very expensive.  See Response at 7 & n.5.

    With respect to friction between the state and federal judicial systems, Schering Corp. and

Old Republic argue that friction will not increase, because this action is not parallel to the state

lawsuit.  See Response at 9.  They concede that the Tenth Circuit has recognized that discretion is

properly declined when an insured brings a state action against its insurer alleging that coverage

exists and the insurer seeks a declaratory judgment in a separately filed federal case.  See Response

at 10 (citing St. Paul Fire and Marine Ins. Co. v. Runyon, 53 F.3d 1167, 1169-70 (10th Cir. 1995)).

They assert, however, that jurisdiction is properly exercised when: (i) the state action involves an

injured party against the insured; (ii) the insurer is not a party to the state action; and (iii) the state

court is determining tort liability rather than coverage under the insurance contract.  See Response

at 10 (citing St. Paul Fire and Marine Ins. Co. v. Runyon, 53 F.3d at 1169-70).  Furthermore,

Schering Corp. and Old Republic argue that the New Mexico state courts, because of their more

limited resources and extreme caseloads, are often pleased that a federal court will decide the

coverage issue. See Response at 10.  Finally, turning to the final factor, they contend that exercising

jurisdiction would enable the best and most expeditious resolution of their claims.  <u>See</u> Response at 10.  Additionally, Schering Corp. and Old Republic assert that there is no "alternative" case in which to address Old Republic's claims.  <u>See</u> Response at 10-11 (citing <u>Hartford v. Gandy Dancer, LLC</u>, No. 10-0137, 2011 WL 1336523, at *12 (D.N.M. Mar. 30, 2011)(Browning, J.)).  They argue that this declaratory judgment action is "essentially a coverage case," where a declaratory judgment action is most effective, because there is a substantial interest in deciding coverage issues without undue delay.  Response at 11 (citing <u>State Farm Fire & Cas. Co. v. Mhoon</u>, 31 F.3d at 983-84; <u>Cont'l Cas. Co. v. Bowen</u>, 2010 WL 3743909, at *2; <u>Monticello Ins. Co. v. Kendall</u>, 1997 WL 557326, at *1).  Schering Corp. and Old Republic further assert that their interest in a speedy resolution is particularly strong when they will be required to litigate within a "morass of other issues and other parties involved in the state action."  Response at 11.  Moreover, Schering Corp. and Old Republic argue that Schering Corp.'s duty to defend Griffo and T. Gonzales mimics the role of an insurer, and that, as such, the case law regarding insurance coverage applies to Schering Corp. <u>See</u> Response at 12.

On August 2, 2011, Gina Delfino filed her Reply in Support of Motion to Dismiss and, Alternatively, Motion to Stay.  <u>See</u> Doc. 18 ("Reply").  Gina Delfino argues that New Mexico law governs the duty to defend and does not relieve Old Republic from its duty to defend when factual issues are presented.  <u>See</u> Reply at 3.  She asserts that, under New Mexico law, an insurer's duty to defend arises out of the nature of the allegations of the complaint and an insurer may only refuse to defend when the obligations are "completely outside the policy coverage."  Reply at 3 (citing <u>Hartford v. Gandy Dancer, LLC</u>, 2011 WL 1336523, at *17;  <u>Knowles v. United Servs. Auto Ass'n</u>, 113 N.M. 703, 704, 832 P.2d 395, 395 (1992); <u>City of Albuquerque v. BPLW Architects & Eng'rs, Inc.</u>, 146 N.M. 717, 721, 213 P.3d 1146, 1150 (Ct. App. 2009); <u>SW Steel Coil, Inc. v. Redwood Fire</u>

& Cas. Ins. Co., 140 N.M. 720, 726,148 P.3d 806, 812 (Ct. App. 2006)).  Gina Delfino asserts that

the duty to defend is determined at the beginning of litigation, because it arises from the allegations

of the complaint.  See Reply at 3 (citing Pendleton v. Pan Am. First and Cas. Co., 317 F.2d 96, 100

(10th Cir. 1963); Am. Gen'l Fire and Cas. Co. v. Progressive Cas. Co., 110 N.M. 741, 744, 799 P.2d

1113, 1116 (1990)).  She also contends that the State Third Amended Complaint's factual

allegations triggered Old Republic's duty to defend Schering Corp.'s employees and that there are

factual issues that need to be resolved in state court.  See Reply at 4.  She argues that Schering Corp.

and Old Republic cannot, through the guise of a declaratory judgment action, change the venue in

which that "course and scope" determination is to be made.  Reply at 4.

    Additionally, Gina Delfino asserts that, because the course and scope of employment and

coverage issues are the same, the case does not present a purely legal issues that can or will be

resolved through examining the insurance policy.  See Reply at 4.  She argues that, unlike the

Court's analysis in Hartford v. Gandy Dancer, LLC, the duty-to-defend analysis in this case is not

based on the language of the insurance policy.  See Reply at 4.  Gina Delfino contends that, in

Hartford v. Gandy Dancer, LLC, a declaratory judgment action was allowed to proceed only

because: (i) the coverage issues were "distinct from the issues before the state court"; and (ii) could

be resolved by examining the allegations of the complaint, the insurance contract, and a legal

question that the parties agreed was dispositive.  Reply at 5.  She asserts that the Declaratory

Judgment Act does not permit parties to use the federal courts to remove an issue that will be

addressed in the underlying state action and resolve it "by way of a mini-trial."  Reply at 5 (citing

Cunningham Bros, Inc. v. Bail, 407 F.3d at 1167; Int'l Ass'n of Entrepreneurs v. Angoff, 58 F.3d

1266, 1270 (8th Cir. 1995); Morrison v. Parker, 90 F.Supp.2d at 880).  She argues that, if Schering

Corp. and Old Republic believe they are in a position to address this question through a motion for

-16-

summary judgment, the proper venue in which to file that motion is the state court action.  See Reply at 5.

Gina Delfino contends that this case resembles St. Paul Fire and Marine Insurance Co. v. Runyon and Progressive Specialty Insurance Co. v. Thakur, No. 06-542, 2006 U.S.. Dist. LEXIS 97895 (D.N.M. Nov. 14, 2006)(Baldock, J.).  See Reply at 7.  Gina Delfino argues that here, as in St Paul Fire and Marine Insurance Co. v. Runyon, the state court action includes the issue on which the plaintiffs are seeking a declaratory judgment.  See Reply at 7.  Furthermore, she asserts that, as in Progressive Specialty Insurance Co. v. Thakur, the state proceeding encompassed the entire controversy, while the federal action might lead to piecemeal litigation.  See Reply at 7.  Gina Delfino argues that the cases upon which Schering Corp. and Old Republic rely are distinguishable, because here the insurance carrier and the insured have identical interests.  See Reply at 7.  She contends that Old Republic's absence as a named party in the state case does not equate to its absence as a practical matter or to an inability to protect its interests.  See Reply at 7.  Additionally, Gina Delfino asserts that the unusual alignment of Schering Corp. and Old Republic's interests means that Old Republic's absence as a named party in the state court action does not divest the state proceeding of "parallel proceeding" status.  Reply at 8.  Gina Delfino further asserts that actions do not have to be the mirror image of each other to be parallel, and that neither identity of parties nor of issues is required for a state proceeding to parallel a federal proceeding.  See Reply at 8 (citing Phoenix Assurance PLC v. Marimed Found. for Island Health Care Training, 125 F.Supp.2d 1214, 1223 (D. Haw. 2000)).  She contends that where, as here, the declaratory-judgment plaintiffs are asking a federal district court to decide a question already pending before the state court, and the interests of the declaratory-judgment plaintiffs are protected in the state court proceeding, the actions are parallel and "usurpation of the question by the federal court would inappropriately

interfere with a state court proceeding." Reply at 9 (citing <u>Brillhart v. Excess Ins. Co. of Am.</u>, 316 U.S. at 495).

Moreover, Gina Delfino asserts that a declaratory judgment is unlikely to settle the controversy or to serve a useful purpose, because such a result will not resolve the claims against Schering Corp. or absolve Old Republic of its duty to defend. <u>See</u> Reply at 10. She argues that the Supreme Court of New Mexico held that Schering Corp., as one of the pharmaceutical defendants in the state lawsuit, was a social host, and it is therefore <u>directly</u> liable for the implementation of its marketing policy. <u>See</u> Reply at 10 (citing <u>Delfino v. Griffo</u>, 150 N.M. 97, 257 P.3d 917). She asserts that this claim is separate from her vicarious liability claims against Schering Corp. for the actions of Schering Corp.'s employees and that the practical effect is that regardless of this action Schering Corp. will remain in the state lawsuit. <u>See</u> Reply at 10. Gina Delfino argues that this action is being used as a race to res judicata or collateral estoppel, and would increase friction between the federal and state courts, because it improperly encroaches on the New Mexico state courts' jurisdiction. <u>See</u> Reply at 11. She contends that Schering Corp. and Old Republic's assertion, that they wish to extract the course-and-scope issue from the state court and obtain summary judgment in federal court, is an admission that this action is being used for procedural fencing. <u>See</u> Reply at 11. Gina Delfino asserts that Schering Corp. could just as easily move for summary judgment in the state court action. <u>See</u> Reply at 11.

On November 16, 2011, the Court held a hearing. The Court explained that it has sometimes stayed cases similar to the one before the Court and has sometimes pulled out a legal issue to decide. <u>See</u> Transcript of Hearing at 4:18-22 (November 16, 2011)(Court)("Tr.").[2] The Court stated that

---

[2]The Court's citations to the transcript of the hearing refers to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

the line it has drawn in past cases is that, when it can extract a distinct legal issue, the Court will do so; when, on the other hand, the issue is one which the state court may have to resolve anyways, the Court will not decide it.  See Tr. at 4:22-5:5 (Court).  The Court further stated that whether Griffo and T. Gonzales were acting in the course and scope of their employment with Schering Corp. appears to be a factual issue, and asked whether the Court should reach that question.  See Tr. at 5:5-11 (Court).

Speaking in support of her motion, Gina Delfino represented that, while the case was on appeal in the state court, she settled with the Brinker and Kraffty defendants pursuant to confidential settlement agreements.  See Tr. at 5:25-6:9 (Aguilar).[3]  She also stated that, in the state court case, she had stipulated that the only cause of action remaining, after the Supreme Court of New Mexico's recent decision, was the liquor liability social host cause of action against Schering Corp., Abbott Laboratories, and Merck & Co.  See Tr. at 6:10-24 (Court, Aguilar).  Gina Delfino informed the Court that Donahue, as well as state defendants Paz and Merck & Co., have filed motions for summary judgment in that proceeding.  See Tr. at 6:25-7:5 (Court).  She asserted that discovery in the state lawsuit has shown that Griffo, T. Gonzales, and Paz were working for a joint venture comprised of Merck & Co. and Schering Corp.  See Tr. at 7:6-8 (Aguilar).  She represented that the state court had denied her motion to join the joint venture as a party and that she is currently appealing that decision to the Court of Appeals of New Mexico.  See Tr. at 7:9-11 (Aguilar).  Gina Delfino also stated that at this point Merck & Co. has acquired Schering Corp., even though

_____

[3]The state court docket indicates that the following state defendants have entered into a settlement agreement with Gina Delfino: (i) Cue, Inc.; (ii) Doc & Eddy's; (iii) 3TM Investments, Inc.; (iv) Kraffty, LLC, d/b/a Uptown Sports Bar & Grill and Uptown Square Venture; (v) Brinker International Inc, a foreign corporation, d/b/a Chili's Restaurant; (vi) Brinker Restaurant Corporation; (vii) Ronald Nelson; and (viii) John Whisenant.  See Delfino v. Griffo, D-202-CV-200603125, available at http://www2.nmcourts.gov/caselookup/app.

Schering Corp. remains a separate defendant in the state case.  <u>See</u> Tr. at 7:12-18 (Aguilar).

Turning to her motion to dismiss, Gina Delfino conceded that, to the extent that she argued that she had a direct cause of action against Schering Corp. and its employees, her motion was incorrect in light of the Supreme Court of New Mexico's decision.  <u>See</u> Tr. at 7:19-20 (Aguilar). She stated that she intends to file a Fourth Amended Complaint in the state proceeding, which will allege liability against the pharmaceutical Defendants only in connection with the Liquor Liability Act.  <u>See</u> Tr. at 7:25-8:3 (Aguilar).  Gina Delfino asserted that she has evidence of Schering Corp.'s reckless conduct, in terms of policies and procedures that it implemented which go to whether Schering Corp. is liable as a social host under the Liquor Liability Act.  <u>See</u> Tr. at 8:4-10 (Aguilar). She maintained, however, that whether Griffo or T. Gonzales acted within the course and scope of their employment is a factual issue that the state court will need to resolve in the state proceeding. <u>See</u> Tr. at 8:11-18 (Aguilar).  After a question from the Court, Gina Delfino clarified that her Fourth Amended Complaint in the state lawsuit will also still contain claims against Griffo and T. Gonzales. <u>See</u> Tr. at 8:22-9:2 (Court, Aguilar).   The Court then asked whether Gina Delfino could sue individuals under the Liquor Liability Act.  <u>See</u> Tr. at 9:3-5 (Court).  She responded that Griffo and T. Gonzales were named in their individual capacity as well as in their capacity as representatives of Schering Corp.  <u>See</u> Tr. at 9:6-8 (Aguilar).  She stated that one of the issues that will be tried in state court is whether Griffo and T. Gonzales were acting in their individual capacity, and that she believes that Schering Corp. will take the position that they were on their own time.  <u>See</u> Tr. at 9:9-16 (Aguilar).  Gina Delfino also asserted that she and Schering Corp. disagree on what the Supreme Court of New Mexico meant when it stated that, taking all the facts of the Third Amended Complaint as true, that Schering Corp. was a social host.  <u>See</u> Tr. at 9:23-10:5 (Aguilar).

Next, Griffo spoke in support of the Motion to Dismiss, which he joined.  <u>See</u> Tr. at 10:13

(Court).  Griffo asserted that there is a factual issue whether Griffo and T. Gonzales were acting within the course and scope of their employment.  See Tr. at 10:14-20 (Yenson).  Griffo stated that the events of April 29, 2005 were three separate incidents.  See Tr. at 10:21-22 (Yenson).  First, the initial event, which the Brinker defendants have settled, was at Chili's Restaurant.  See Tr. at 10:22-23 (Yenson).  Griffo asserted that there is no dispute that he and T. Gonzales arranged for this out-of-office event, and that it was Schering Corp.'s policy to take doctors and their employees out for a lunch.  See Tr. at 10:24-11:2 (Yenson).  He asserted that these events are part of Schering Corp.'s marketing and client development program.  See Tr. at 11:2-3 (Yenson).  Griffo argued that there is no doubt that he and T. Gonzales were acting within the course and scope of their employment while at Chili's, and that they put the tab on their corporate credit cards.  See Tr. at 11:3-7 (Yenson).  Griffo asserted that the course-and-scope issue becomes more questionable when they moved to Uptown Sports Bar & Grill, where at least a couple of beers were purchased.  See Tr. at 11:8-16 (Yenson).  Next, Griffo stated that the group went to Doc & Eddy's, and that discovery has not yet revealed whether any alcohol was purchased there.  See Tr. at 11:17-20 (Yenson).  He argued that there is probably a factual question whether he was still in the course and scope of his employment at Doc & Eddy's, and that Doc & Eddy's was the last stop the group made before A. Gonzales drove on I-25.  See Tr. at 11:21-24 (Yenson).  Griffo asserted that the jury in the state case will have to determine whether the employees were acting in the course and scope of their employment or on a frolic of their own, which is a question of fact.  See Tr. at 12:8-15 (Yenson).  T. Gonzales argued that this case does not present a pure legal issue, and that whether they were acting in the course and scope of their employment is a factual question that the jury should decide.  See Tr. at 12:18-24 (Standridge).

Schering Corp. and Old Republic argued that this case is one in which the Court should

exercise its discretion to hear the declaratory judgment action and do so in an expeditious manner. See Tr. at 13:5-7 (Gulley).  Schering Corp. and Old Republic asserted that, although Griffo and T. Gonzales were employees at the time of the accident, they were not acting in the course and scope of their employment.  See Tr. at 13:8-11 (Gulley).  Consequently, Schering Corp. and Old Republic argued that Old Republic has no duty to defend Griffo and T. Gonzales, because they were never in the course and scope of their employment.  See Tr. at 13:11-13 (Gulley).  Schering Corp. and Old Republic conceded that there are factual issues; they asserted that the state case is a morass of factual issues.  See Tr. at 13:14-16 (Gulley).  Schering Corp. and Old Republic argued that there will be legal issues before the Court, and noted that the Old Republic insurance policy is not before the Court.  See Tr. at 13:16-17 (Gulley).

Summarizing the allegations in the state case, Schering Corp. and Old Republic asserted that the gathering began around 2:00 p.m. or so at Chili's on a Friday.  See Tr. at 13:20-22 (Gulley). Schering Corp. and Old Republic stated that there is no dispute that Griffo and T. Gonzales initiated the gathering, but argued that they were social friends with the office staff.  See Tr. at 13:22-24 (Gulley).  Schering Corp. and Old Republic represented that there were three office staff members at the luncheon, but that Dr. Leech did not attend because he was in Oregon.  See Tr. at 13:24-14:1 (Gulley).  Schering Corp. and Old Republic asserted that both of the two staff members who were deposed stated that they were not aware of a business purpose for the luncheon.  See Tr. at 14:1-4 (Gulley).  Schering Corp. and Old Republic further asserted that Donahue, the Abbott Laboratories representative, stated that he was there for a Friday afternoon happy hour, and Paz, the Merck & Co. representative, stated that he was there to talk about scheduling issues involving a joint drug venture. See Tr. at 14:4-9 (Gulley).  Schering Corp. and Old Republic stated that by 4:00 p.m. lunch had been

served and that T. Gonzales paid for it, charging $198.00 for an in-office lunch with a Dr. Ramo.[4]
See Tr. at 14:11-14 (Gulley).  They represented that T. Gonzales' accounting to Schering Corp. of
his expenditures were not for this lunch and that, although Griffo charged it to his company credit
card, he paid for the lunch as a personal expense.  See Tr. at 14:15-18 (Gulley).  They contended that
there is significant evidence that there was never any business purpose for the meeting.  See Tr. at
14:19-20 (Gulley).

     Schering Corp. and Old Republic asserted that, if they have to litigate this issue in state
court, they will be caught up in the morass of Liquor Liability Act issues, even though the two bars
have settled the case.  See Tr. at 14:21-25 (Gulley).  As evidence of the complexity of the state case,
Schering Corp. and Old Republic stated that they have been attempting to schedule forty depositions
of witnesses, only two of whom relate to the course-and-scope issues.  See Tr. at 15:2-8 (Gulley).
Schering Corp. and Old Republic argued that there are a huge number of issues and large amount
of discovery that will occur in state court, none of which relate to Griffo and T. Gonzales' actions
in relation to the course and scope of their employment.  See Tr. at 15:16-19 (Gulley).  They argued
that Old Republic in particular is entitled to file a declaratory action in federal court to have the issue
of course and scope of employment expeditiously determined.  See Tr. at 15:19-24 (Gulley).
Schering Corp. and Old Republic contended that the Court could extract the issue of course and
scope of employment, even though it is a factual issue, from the morass of issues in the state case
to give Schering Corp. and Old Republic their day in court.  See Tr. at 16:4-9 (Gulley).

     Turning to arguments made in the Motion to Dismiss and Reply, Schering Corp. and Old

---

[4]Schering Corp. and Old Republic referred to Dr. Ramo during the hearing, see Tr. at 14:11-
14 (Gulley), and T. Gonzales referred to Dr. Ramo during his deposition, see Deposition of Thomas
Gonzales at 125:13-126:19 (taken December 11, 2008), filed June 17, 2011 (Doc. 11-7); however,
neither party gave Dr. Ramo's full name.

Republic asserted that the Supreme Court of New Mexico eliminated all of the state claims expect for the social host liability claims, for which the standard is recklessness.  <u>See</u> Tr. at 16:12-19 (Gulley).  They asserted that the only way that Schering Corp. can be held liable in the state lawsuit is through the conduct of its employees, Griffo and T. Gonzales.  <u>See</u> Tr. at 16:20-22 (Gulley). Schering Corp. and Old Republic argued that, if Schering Corp. was not a reckless social host, it will not be liable for any claims.  <u>See</u> Tr. at 16:22-24 (Gulley).  Schering Corp. and Old Republic also argued that Griffo and T. Gonzales are asserting that they were within the course and scope of their employment only because that entitles them to a free lawyer in the state case.  <u>See</u> Tr. at 17:2-4 (Gulley).  They asserted that, if Griffo and T. Gonzales were being truthful, this Friday afternoon happy hour was unrelated to a business purpose, and then, under the Supreme Court of New Mexico's decision, neither Griffo and T. Gonzales nor Schering Corp. and Old Republic would be liable.  <u>See</u> Tr. at 17:9-13 (Gulley).  They contended that, if the Court does not hear this case, then Schering Corp. and Old Republic will be tied up in all of the other issues involved in the state case until the end.  <u>See</u> Tr. at 17:16-19 (Gulley).  Schering Corp. and Old Republic also argued that the state lawsuit is not a parallel proceeding, because: (i) Old Republic is only a party to the federal case; and (ii) they have not joined the bars as parties to the federal case.  <u>See</u> Tr. at 17:20-23 (Gulley).  They argued that it would be relatively simple and expeditious for the Court to address the issue of course and scope of employment.  <u>See</u> Tr. at 17:23-25 (Gulley).  Schering Corp. and Old Republic asserted that, if the Court were to address this one issue, then they believe the end result would be that Griffo and T. Gonzales were not acting in the course and scope of their employment, which would allow Schering Corp. to get out of the state case, and that Old Republic would not have to pay for the defense of Schering Corp., Griffo, or T. Gonzales.  <u>See</u> Tr. at 18:1-6 (Gulley).

The Court asked whether Schering Corp. and Old Republic intended to use a judgment from

the Court as collateral estoppel in the state case.  <u>See</u> Tr. at 18:7-9 (Court).  Schering and Old

Republic stated that they so intended to use the Court's decision in state court.  <u>See</u> Tr. at 18:10

(Gulley).  The Court then asked whether this case would also involve a jury trial.  <u>See</u> Tr. at 18:13-

14 (Court).  Schering Corp. and Old Republic responded that it would depend on whether the

defendants asked for a jury.  <u>See</u> Tr. at 18:15-16 (Gulley).  The Court asked whether Schering Corp.

and Old Republic agreed that the only issue that their pleadings raise is the course-and-scope-of-

employment question.  <u>See</u> Tr. at 18:17-19 (Court).  Schering Corp. and Old Republic agreed, and

stated that this issue also indirectly raises Old Republic's duty to defend Schering Corp.'s employees

in the state lawsuit.  <u>See</u> Tr. at 18:20-22 (Gulley).  The Court asked whether the duty-to-defend

question is a legal issue that requires any analysis, or if the answer to the legal issue follows from

a finding that Griffo and T. Gonzales were not acting in the course and scope of their employment.

<u>See</u> Tr. at 18:23-19:1 (Court).  Schering Corp. and Old Republic answered that Old Republic's duty

to defend would follow from the Court's ruling on the course-and-scope-of-employment question,

because, although the policy is not before the Court, the policy is clear that if employees are not

acting in the course and scope of their employment, there is no duty to provide them with a defense.

<u>See</u> Tr. at 19:2-8 (Gulley).   Responding to the Court, Schering Corp. and Old Republic

acknowledged that eventually the state court would reach the same issue.  <u>See</u> Tr. at 19:9-11 (Court,

Gulley).  Schering Corp. and Old Republic asserted that they want to have this one issue decided,

so that they are not embroiled in a multi-defendant and multi-claim case which involves complex

questions about the comparative fault of other defendants who have settled the state case.  <u>See</u> Tr.

at 19:15-24 (Gulley).  The Court asked whether Judge Nash has given any indication what she thinks

of this case.  <u>See</u> Tr. at 20:4-5 (Court).  Schering Corp. and Old Republic stated that, as far as they

were aware, Judge Nash is unaware of this suit, especially because the state case was on appeal for

a few years.  See Tr. at 20:12-14 (Gulley).  They also noted that Gina Delfino has appealed Judge

Nash's ruling that she cannot add the Merck & Co. and Schering Corp. joint venture as a defendant.

See Tr. at 20:15-17 (Gulley).  They stated that there has been no motion to stay in the state case

during that appeal.  See Tr. at 20:18-20 (Court, Gulley).  The Court then asked whether any

discovery had been done in the state case while it was on appeal.  See Tr. at 20:24-25 (Court).

Schering Corp. and Old Republic replied that some discovery took place while the state lawsuit was

on appeal.  See Tr. at 21:2-14 (Gulley).

       The Court then asked why Schering Corp. and Old Republic thought that the course-and-

scope issue needed to be resolved expeditiously.  See Tr. at 21:15-19 (Court).  Schering Corp. and

Old Republic stated that they would prefer that the issue be resolved quickly, because there are forty

witnesses that will be deposed between January and March of 2012.  See Tr. at 21:20-23 (Gulley).

Schering Corp. and Old Republic argued that Schering Corp. will be involved in the depositions of

all those witnesses, because Schering Corp. cannot currently ignore the issue of damages.  See Tr.

at 22:1-8 (Gulley).  Additionally, Schering Corp. and Old Republic pointed out that Paz, Merck &

Co., and Abbott Laboratories all have pending motions for summary judgment before the state court.

See Tr. at 22:9-11 (Gulley).  Schering Corp. and Old Republic agreed that their primary motivation

for desiring an expeditious resolution of this issue is the impending discovery that will take place

in the state lawsuit.  See Tr. at 23:5-8 (Court, Gulley).  Once again, however, Schering Corp. and

Old Republic conceded that whether Griffo and T. Gonzales were in acting in the course and scope

of their employment is predominately a factual issue.  See Tr. at 25:2-4 (Gulley).  Schering Corp.

and Old Republic also reiterated their argument that the state lawsuit is not a parallel proceeding,

because Old Republic is not a party to the state case and there are state defendants who are not

parties to the case before the Court.  See Tr. at 25:18-26:1 (Court, Gulley).

Gina Delfino emphasized Schering Corp. and Old Republic's concession that the issue before the Court is a factual one.  <u>See</u> Tr. at 26:7-12 (Aguilar).  Gina Delfino also reiterated that it is a factual issue which has been raised as an affirmative defense in the state court case.  <u>See</u> Tr. at 26:12-15 (Aguilar).  Gina Delfino asserted that Schering Corp. will likely file a motion for summary judgment in the state case and that Judge Nash will likely deny that motion, requiring the state case to proceed to a jury trial.  <u>See</u> Tr. at 26:16-23 (Aguilar).  She further asserted that it is equally likely that the case before the Court will proceed to a jury trial.  <u>See</u> Tr. at 26:24-27:4 (Aguilar).  She argued that this case would require extensive discovery on Schering Corp.'s corporate policies.  <u>See</u> Tr. at 27:8-15 (Aguilar).  Gina Delfino contended that she would have to put those witnesses on twice.  <u>See</u> Tr. at 28:5-7 (Court, Aguilar).  Gina Delfino represented that the federal case will require the parties to expend more money and try the issue twice.  <u>See</u> Tr. at 28:16-23 (Aguilar).  The Court then asked what case most closely resembled the case before the Court.  <u>See</u> Tr. at 28:24-29:1 (Court).  Gina Delfino responded that this case most closely resembles the <u>THI of New Mexico at Las Cruces, LLC v. Fox</u> case.  <u>See</u> Tr. at 29:2-6 (Aguilar).  G. Delfino also reiterated that the parties do not have to be identical to the state case for there to be a parallel proceeding.  <u>See</u> Tr. at 29:25-30:4 (Aguilar).

Griffo asserted that the case before the Court would likely have to go to trial, because of the many factual issues in the case.  <u>See</u> Tr. at 30:8-14 (Yenson).  Griffo represented that the trial before the Court would be limited, but that this case would require a trial and that Judge Nash would likely determine that the state case would also require a trial.  <u>See</u> Tr. at 30:16-19 (Yenson).  Griffo also emphasized that the issues before the Court and the state court involve factual issues, and that he believes that those factual issues would preclude a grant of summary judgment in the state case.  <u>See</u> Tr. at 31:7-11 (Yenson).  Griffo represented that several senior supervisors at Schering Corp.

were "toeing the company line" in their depositions, but that several Schering Corp. representatives consistently stated that they were allowed to take people to Chili's on behalf of the company. Tr. at 31:12-20 (Yenson).

Schering Corp. and Old Republic represented that the amount of discovery needed in this case would be limited. See Tr. at 32:14-15 (Gulley). Schering Corp. and Old Republic stated that Griffo and T. Gonzales had already been deposed. See Tr. at 32:15-17 (Gulley). They argued that the most important witness is A. Gonzales and that she has not yet been deposed. See Tr. at 32:18-23 (Court, Gulley). Schering Corp. and Old Republic represented that, in speaking with A. Gonzales, because her case is before the Supreme Court of New Mexico, she would likely assert her rights under the Fifth Amendment in any deposition. See Tr. at 33:3-12 (Gulley). They asserted that it was unlikely that the parties would be able to depose A. Gonzales if the Court were to take the case and set an expeditious discovery schedule. See Tr. at 33:17-21 (Gulley). Schering Corp. and Old Republic agreed that the state case would likely go to trial, but did not want to foreclose the possibility of a summary judgment motion. See Tr. at 35:9-11 (Gulley).

## LAW REGARDING EXERCISE OF DISCRETIONARY JURISDICTION OVER DECLARATORY JUDGMENT ACTIONS

In Brillhart v. Excess Insurance Co. of America, the Supreme Court of the United States explained that district courts are "under no compulsion to exercise . . . jurisdiction" under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 to 2202. 316 U.S. at 494. The Supreme Court explained:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

-28-

Brillhart v. Excess Ins. Co. of Am., 316 U.S. at 495.  A court should determine whether the lawsuit

"can be better settled in the proceeding pending in the state court."  Brillhart v. Excess Ins. Co. of

Am., 316 U.S. at 495.

The Tenth Circuit has adopted a five-factor test for evaluating whether a district court should

exercise its discretionary jurisdiction over a declaratory judgment action.  See St. Paul Fire and

Marine Ins. Co. v. Runyon, 53 F.3d at 1169.  These factors include:

> [1] whether a declaratory action would settle the controversy; [2] whether it would
> serve a useful purpose in clarifying the legal relations at issue; [3] whether the
> declaratory remedy is being used merely for the purpose of "procedural fencing" or
> "to provide an arena for a race to res judicata "; [4] whether use of a declaratory
> action would increase friction between our federal and state courts and improperly
> encroach upon state jurisdiction; and [5] whether there is an alternative remedy
> which is better or more effective.

St. Paul Fire and Marine Ins. Co. v. Runyon, 53 F.3d at 1169 (alterations original)(quoting State

Farm Fire and Cas. Co. v. Mhoon, 31 F.3d at 983).  In St. Paul Fire and Marine Insurance Co. v.

Runyon, the plaintiff, an insurance company, sought a declaratory judgment holding that it had no

obligation to defend the defendant under the terms of a professional-liability insurance policy.  See

53 F.3d at 1168.  The defendant sought indemnification and argued that the plaintiff had a duty to

defend him against claims brought by his coworkers.  See St. Paul Fire and Marine Ins. Co. v.

Runyon, 53 F.3d at 1168.  The insurance-company plaintiff refused to provide a defense.  See St.

Paul Fire and Marine Ins. Co. v. Runyon, 53 F.3d at 1168.  After three years of negotiations, the

defendant told the insurance-company plaintiff that he would initiate a state court suit for breach of

contract and bad faith by February 18, 1994, if it did not assume his defense.  See St. Paul Fire and

Marine Ins. Co. v. Runyon, 53 F.3d at 1168.  On February 17, 1994, the insurance-company plaintiff

filed a diversity action seeking a declaratory judgment.  See St. Paul Fire and Marine Ins. Co. v.

Runyon, 53 F.3d at 1168.  The defendant filed a complaint for bad faith and breach of contract in

state court on February 18, 1994.  See St. Paul Fire and Marine Ins. Co. v. Runyon, 53 F.3d at 1168.

The Tenth Circuit noted that the federal declaratory-judgment statute, 28 U.S.C. § 2201, "vests the federal courts with power and competence to issue a declaration of rights."  St. Paul Fire and Marine Ins. Co. v. Runyon, 53 F.3d at 1168.  "[W]hether this power should be exercised in a particular case is vested in the sound discretion of the district courts."  St. Paul Fire and Marine Ins. Co. v. Runyon, 53 F.3d at 1168.  The district court in St. Paul Fire and Marine Ins. Co. v. Runyon had abstained from exercising jurisdiction, "because the same issues were involved in the pending state proceeding, and therefore, there existed a more effective alternative remedy."  53 F.3d at 1169.

The Tenth Circuit in St. Paul Fire and Marine Insurance Co. v. Runyon explained:

> The parties have a pending state contract action, which incorporates the identical issue involved in the declaratory judgment action.  [The defendant's] state breach of contract complaint against [the insurance-company plaintiff] alleges the coworkers' lawsuit is a "covered claim" pursuant to the insurance policy. In resolving the insurance contract, the state court will necessarily determine rights and obligations under the contract. [The insurance-company plaintiff] is seeking a declaration by the federal court that the coworkers' lawsuit is not a covered claim.  The issue in the federal declaratory judgment action is identical to what would be a defense to the state court contract action -- whether [the defendant]'s insurance contract with [the insurance-company plaintiff] protects him from the coworkers' lawsuit. Because the state court will determine, under state contract law, whether the tort action is covered by the insurance contract, it is not necessary for the federal court to issue a declaration on the insurance contract.

St. Paul Fire and Marine Ins. Co. v. Runyon, 53 F.3d at 1169.  A federal court is not required to refuse jurisdiction, but it "should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding."  St. Paul Fire and Marine Ins. Co. v. Runyon, 53 F.3d at 1170.  A federal court may abstain from exercising jurisdiction over a declaratory judgment action if "the plaintiff is using the action for procedural fencing."  St. Paul Fire and Marine Ins. Co. v. Runyon, 53 F.3d at 1170.  The Tenth Circuit noted that the insurance-company plaintiff's timing of filing suit "may not necessarily

-30-

be bad faith on [its] part," but found that the insurance-company plaintiff was unable to show error in the district court's perception that it was using the declaratory judgment action for procedural fencing, or "to provide an arena for a race to <u>res judicata</u>." <u>St. Paul Fire and Marine Ins. Co. v. Runyon</u>, 53 F.3d at 1170 (emphasis original).

 In <u>State Farm Fire & Casualty Co. v. Mhoon</u>, three lawsuits arose from Robert Mhoon shooting Takuro Fujiwara. <u>See</u> 31 F.3d at 981. Fujiwara and his wife filed suit in state court on November 2, 1990, alleging that Mhoon committed intentional torts against them. <u>See</u> <u>State Farm Fire & Cas. Co. v. Mhoon</u> 31 F.3d at 982. State Farm, Mhoon's insurer, agreed to defend him against the Fujiwaras, "but only under a reservation of rights which left State Farm free to seek a judicial determination of its contractual obligations to Mhoon." <u>State Farm Fire & Cas. Co. v. Mhoon</u>, 31 F.3d at 982. On June 12, 1991, State Farm filed a declaratory judgment action under 28 U.S.C. § 2201 and sought a declaration that the policy did not cover Mhoon, because he shot Fujiwara intentionally. <u>See</u> <u>State Farm Fire & Cas. Co. v. Mhoon</u>, 31 F.3d at 982. "Though the state tort suit between Mhoon and [Fujiwara] was still in progress at the time, the federal district judge agreed to hear State Farm's declaratory action." <u>State Farm Fire & Cas. Co. v. Mhoon</u>, 31 F.3d at 982. The federal district court ruled, as a matter of law, that Mhoon intentionally shot Fujiwara. <u>See</u> <u>State Farm Fire & Cas. Co. v. Mhoon</u>, 31 F.3d at 982.

> The critical question whether Mhoon acted intentionally was before both the state and federal courts simultaneously and the federal court's failure to await the state court's resolution of the issue opened the possibility that the state court would be foreclosed from deciding that Mhoon behaved only negligently and was, thus, entitled to be insured and defended.

<u>State Farm Fire & Cas. Co. v. Mhoon</u>, 31 F.3d at 983.

 The Tenth Circuit in <u>State Farm Fire and Cas. Co v. Mhoon</u> held that the federal district court did not abuse its discretion by hearing the case, because "a live need for declaration of State

Farm's rights and duties did, in fact, exist." State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d at 983-84. The Tenth Circuit based its decision on the following: (i) neither party suggested that State Farm could have been or was a party to the state tort action, "thus obviating any need for an independent declaratory action and providing a simpler and more efficient resolution of State Farm's obligations towards Mhoon"; (ii) there was substantial interest in deciding the question of duty to the defendant without delay; and (iii) the federal district court was an available forum to State Farm. State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d at 984. The Tenth Circuit noted that the federal court's exercise of jurisdiction did not unduly interfere with the state proceeding. See State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d at 984. The federal court's decision on State Farm's duty "involved no matter, factual or legal, at issue in the state case." State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d at 984. The coverage issue was not a complicated one, and involved only a search of the record to determine whether Mhoon's conduct was accidental under the insurance policy. See State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d at 984. "[It was] not a case, therefore, where the district court found a material factual dispute and proceeded to resolve it in the face of ongoing state proceedings on the same subject." State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d at 984. That scenario would have presented a different issue, especially if the state proceedings were quite far along. See State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d at 984. Under those circumstances, a stay or dismissal might be proper. See State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d at 984.

In a similar case in 2006, the Honorable Bobby R. Baldock, Senior United States Circuit Judge, sitting by designation in the United States District Court for the District of New Mexico, denied the defendants' motion to dismiss, but granted the defendants' request to stay the proceedings. See Progressive Specialty Ins. Co. v. Thakur, No. CIV 06-542 BRB/RHS, Order Denying Defendants' Motion to Dismiss But Allowing Defendants' Alternative Motion to Stay

Proceedings at 1, (D.N.M. November 14, 2006)(Doc. 14)("Thakur Order").  In Progressive Specialty Insurance Co. v. Thakur, the insurance company sought declaratory judgment that the total amount of coverage owed to the insured was $50,000.00.   See Thakur Order at 2.   The insured counterclaimed, seeking a declaration of rights and obligations, reformation of the insurance contract, and monetary damages for breach of contract, negligence, bad faith dealing, and violation of the New Mexico Insurance Code and Unfair Practices Act.  See Thakur Order at 2.  The insured also responded to the insurance company's suit in federal court by filing his own suit against the insurance company in state court.  See Thakur Order at 2.  The insured named an additional defendant that he contended was a necessary and indispensable party to the federal lawsuit.  See Thakur Order at 2.  The additional defendant was the agency that sold the insurance policy to the insured.  See Thakur Order at 2.  Both the insured and the agency were residents of New Mexico, and the joinder of the agency "effectively destroyed diversity jurisdiction and the possibility of removal from state court."  Thakur Order at 2.  Although the insured's state lawsuit was "broader in scope," it essentially raised issues identical to the insurance company's federal lawsuit.  Thakur Order at 3.

Senior Judge Baldock determined that "the state proceeding, unlike [the federal lawsuit], appear[ed] to encompass the entire controversy by addressing both [the insurance company's] and [the agent's] potential liability to [the insured]."  Thakur Order at 5.  "In other words, the rights and obligations of all concerned parties may be adjudicated only in the state action," while the federal lawsuit "might lead to piecemeal litigation thereby undermining both federal and state interests in practicality and wise judicial administration."  Thakur Order at 5 (emphasis original)(internal quotation marks omitted).  Senior Judge Baldock explained that, for the same reasons, "the state remedy appear[ed] to be the most effective.  Because the state action [would] likely decide the rights

of all interested parties, including the parties to the [federal action], such remedy necessarily is more comprehensive and cohesive." Thakur Order at 6. Senior Judge Baldock did not believe that the federal lawsuit provided the insured with an effective remedy, "because he might very well have to argue factually and legally similar issues against [the agency] in state court." Thakur Order at 6.

Senior Judge Baldock in Progressive Speciality Insurance Co. v. Thakur explained that, more importantly, the case presented "purely questions of state law including the interpretation of the state's insurance code." Thakur Order at 6. "The State of New Mexico has the predominant interest in deciding a matter involving an insurance policy issued within the state to a state resident involved in an auto accident on a state thoroughfare." Thakur Order at 6. Senior Judge Baldock did not dismiss the case, but stayed it, because "a stay avoids problems which might arise if application of a time bar might prevent [the insurance company] from refiling its federal action." Thakur Order at 7.

In American National Property and Casualty Co. v. Wood, the Court addressed whether it should exercise its discretionary jurisdiction under the Federal Declaratory Judgment Act. See 2008 WL 2229742, at *1. There, the Court initially determined that it should exercise jurisdiction, because a declaratory judgment action would settle the controversy between the parties, and would fully adjudicate all rights and liabilities of the parties involved. See Am. Nat'l Prop. & Cas. Co. v. Wood, 2008 WL 2229742, at *10. The Court noted that, while it was concerned about the friction between state and federal courts,

> the Court's experience in similar situations is that the New Mexico state courts, because of their more limited reserves and extreme caseloads, are often pleased that the federal court is deciding the coverage issue. There is rarely any friction, the federal court can as effectively decide the issue, and the federal court is often involved and experienced in state-law insurance issues.

Am. Nat'l Prop. & Cas. Co. v. Wood, 2008 WL 2229742, at *11. The Court also commented that

if the state court wanted "to decide the issues in this case, the Court can re-examine the stay issue at that point." See Am. Nat'l Prop. & Cas. Co. v. Wood, 2008 WL 2229742, at *12. On a motion to reconsider, the Court determined that exercising federal jurisdiction would be improper because it would encroach upon state jurisdiction. See Am. Nat'l Prop. & Cas. Co. v. Wood, 2009 WL 1299797, at *1. The Court noted that, since its original decision, the state court retained jurisdiction over the case and indicated that the case involved questions of purely state law. See Am. Nat'l Prop. & Cas. Co. v. Wood, 2009 WL 1299797, at *5. The Court commented that the "point the Court anticipated . . . has now been reached" because the Honorable James A. Hall had noted in a hearing on the state case that the parties were "dealing with an issue that is, by all accounts, purely an issue of state law, that the obligation exists on the State Court to address those issues, despite the burdensome caseloads that we have." Am. Nat'l Prop. & Cas. Co. v. Wood, 2009 WL 1299797, at *5 (quoting Transcript of State Court Proceedings at 3:22-25 (taken April 17, 2008)(Judge Hall)). The Court found that the St. Paul Fire and Marine Insurance Company v. Runyon test counseled in favor of reconsideration and that "the state court's desire to decide the state-law question, and its denial of the motion to dismiss or stay the state court proceedings, creates a risk that there will be friction between the state and federal courts." Am. Nat'l Prop. & Cas. Co. v. Wood, 2009 WL 1299797, at *5. Upon reconsideration, the Court determined that friction existed between the state and federal courts, and that the action would be more effectively adjudicated in the First Judicial District Court of New Mexico. See Am. Nat'l Prop. & Cas. Co. v. Wood, 2009 WL 1299797, at *6.

In Hartford Fire Insurance Co. v. Gandy Dancer, LLC, the Court also addressed whether it should stay the insurance coverage case before it pending resolution of the underlying case in state court. See 2011 WL 1336523, at *1. Analyzing the case under the State Farm Fire and Casualty Co. v. Mhoon factors, the Court determined that exercising jurisdiction would not increase friction

between the federal and state courts, because the Court's inquiry would be distinct from the state court's and because there was not a material factual dispute in the case.  See Hartford Fire Ins. Co. v. Gandy Dancer, LLC, 2011 WL 1336523, at *11-12.  The Court noted that the federal and state suits were "neither parallel in substance nor parties."  Hartford Fire Ins. Co. v. Gandy Dancer, LLC, 2011 WL 1336523, at *12.  The Court found that the action before it would not require the Court to decide issues that were before the state court, and that the Court could determine whether a duty to defend and indemnify existed on the pleadings and the insurance contract.  See Hartford Fire Ins. Co. v. Gandy Dancer, LLC, 2011 WL 1336523, at *13, *16.  The Court commented that: (i) the federal action would clarify the legal relations at issue; (ii) no party alleged that the declaratory judgment action was being used for procedural fencing; and (iii) the state court could not grant the insurance-company plaintiff the relief it sought in federal court.  See Hartford Fire Ins. Co. v. Gandy Dancer, LLC, 2011 WL 1336523, at *20.[5]

## ANALYSIS

The Court concludes that the State Farm Fire & Casualty Co. v. Mhoon factors counsel in favor of declining jurisdiction at this time, and the Court will stay the federal declaratory judgment action pending resolution of the state case.  The Court finds that exercising jurisdiction and deciding the issue presented in the declaratory judgment action will increase friction between the state and federal courts.  Additionally, the Court concludes that the rest of the relevant factors also counsel that the Court should decline to exercise jurisdiction.

---

[5]The Court has also discussed Brillhart v. Excess Insurance Company of America in two other cases, THI of New Mexico at Las Cruces, LLC v. Fox, 727 F.Supp.2d 1195 (D.N.M. 2010)(Browning, J.) and BP America Production Company v. Kysar, No. 05-0578, 2010 WL 251695 (D.N.M. Apr. 22, 2010)(Browning, J.).  In both of those cases, however, the Court determined that it should analyze the abstention issue under Colorado River Water District v. United States, 424 U.S. 800 (1976).

I.    **EXERCISING JURISDICTION WILL INCREASE FRICTION BETWEEN THE STATE AND FEDERAL COURTS.**

Gina Delfino argues that Schering Corp. and Old Republic are either attempting to "wrest from the state court the resolution of one of Schering's affirmative defenses," "disrupt the state court case entirely, thereby depriving the Delfinos of their choice of forum," or "obtain a tactical advantage in settlement negotiations."  MTD at 2.  Gina Delfino contends that Schering Corp. and Old Republic have nothing to lose in this action, because if the Court issues an adverse ruling, they could still present their arguments to the state court.  See MTD at 22.  Gina Delfino asserts that if, on the other hand, Schering Corp. and Old Republic are successful, then they could attempt to preclude the state court from entertaining any arguments regarding course and scope of employment. See MTD at 22.  Gina Delfino argues that the Court's exercise of jurisdiction would create friction, because the Court would have to determine a disputed fact already at issue in the state lawsuit.  See MTD at 23.  Gina Delfino asserts that "removing an issue properly before the state court, and preventing the state court from continuing to properly exercise jurisdiction, is sure to increase friction."  MTD at 24.

Schering Corp. and Old Republic argue that friction between the state and federal judicial systems will not increase, because this action is not parallel to the state lawsuit.  See Response at 9.  Schering Corp. and Old Republic argue that the lack of a parallel proceeding limits the Court's discretion to decline jurisdiction.  See Response at 5.  They assert that the state court proceeding is not a parallel proceeding, because: (i) Old Republic is not a party to the state case; (ii) the question of coverage is not at issue in the state case; and (iii) the bars, which face liquor liability claims in the state case, are not defendants in this case.  See Response at 5.  Schering Corp. and Old Republic concede that the Tenth Circuit has recognized that discretion is properly declined when an insured

brings a state action against his insurer alleging that coverage exists and the insurer seeks a declaratory judgment in a separately filed federal case.  See Response at 10 (citing St. Paul Fire and Marine Ins. Co. v. Runyon, 53 F.3d at 1169-70).  They assert, however, that federal jurisdiction is properly exercised when: (i) the state action involves an injured party against the insured; (ii) the insurer is not a party to the state action; and (iii) the state court is simply determining tort liability rather than coverage under the insurance contract.  See Response at 10 (citing St. Paul Fire and Marine Ins. Co. v. Runyon, 53 F.3d at 1169-70).  Furthermore, Schering Corp. and Old Republic argue that the New Mexico state courts, because of their more limited reserves and extreme caseloads, are often pleased that a federal court will decide the coverage issue.  See Response at 10.

The Court finds that allowing this case to go forward will create tension between the state and federal courts.  The parties agree that the declaratory judgment action presents the Court with a factual question whether Griffo and T. Gonzales were acting within the course and scope of their employment.  Furthermore, the Court determines that the state court proceeding is a parallel proceeding involving substantially the same parties and the same issues as the those presented to the Court.

The Court has noted in previous cases involving abstention under Brillhart v. Excess Insurance Company of America that a "federal district court may unduly interfere with the state court's proceedings if it decides a factual issue before the state court."  Hartford Fire Ins. Co. v. Gandy Dancer, LLC, 2011 WL 1336523, at *11 (citing State Farm Fire and Cas. Co. v. Mhoon, 31 F.3d at 984).  In State Farm Fire and Casualty Co. v. Mhoon, the Tenth Circuit noted that determining whether there was a duty to defend in that case involved "no matter, factual or legal, at issue in the state case."  31 F.3d at 984.  The Tenth Circuit also stated, in Kunkel v. Continental Casualty Co., 866 F.2d 1269 (10th Cir. 1989), that "a federal court generally should not entertain

a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding." 866 F.2d at 1276 (citing Brillhart v. Excess Ins. Co., 316 U.S. at 495; Western Cas. and Surety Co. v. Teel, 391 F.2d 764, 766 (10th Cir. 1968)). The Supreme Court of New Mexico and Court of Appeals of New Mexico have recognized that, generally, whether an employee is acting within the course and scope of employment is a question of fact. See McCauley v. Ray, 80 N.M. 171, 181, 453 P.2d 192, 202 (1968)(unpublished); Cullen v. Aubrey, Nos. 28,557, 28,868, 2010 WL 3970917, at *4 (Ct. App. Jan. 29, 2010); Narney v. Daniels, 115 N.M. 41, 48, 846 P.2d 347, 354 (Ct. App. 1992). Gina Delfino, Griffo, T. Gonzales, Schering Corp., and Old Republic all agreed that the issue before the Court in the declaratory judgment action, whether Griffo and T. Gonzales were acting within the course and scope of their employment on April 29, 2005, is a factual question. See Tr. at 8:11-18 (Aguilar); Tr. at 10:14-20 (Yenson); Tr. at 12:18-24 (Standridge); Tr. at 13:14-16 (Gulley). Schering Corp. and Old Republic also conceded that this issue is before the state court and that a "decision in this case that Griffo and [T.] Gonzales were not in the course and scope of their employment would end Schering's participation in the state case." Response at 4. Accordingly, the case before the Court is one in which the Court is being asked to decide "a factual issue before the state court." Hartford Fire Ins. Co. v. Gandy Dancer, LLC, 2011 WL 1336523, at *11.

When state and federal proceedings "involve substantially the same parties litigating substantially the same issues," they are parallel. Hartford Fire Ins. Co. v. Gandy Dancer, LLC, 2011 WL 1336523, at *12 (quoting 12-57 M. Redish Moore's Federal Practice § 57.42 (3d ed. 1999)). The Tenth Circuit has held that, for proceedings to be parallel, "exact identity of parties is not required" and that the "degree of similarity should be considered in the evaluation of the Brillhart/Mhoon factors." United States v. City of Las Cruces, 289 F.3d 1170, 1182 (10th Cir.

-39-

2002).  Schering Corp. argues that, because the bar defendants to the state case are not defendants

to the federal case, the state and federal proceedings are not parallel.  See Response at 5.  The state

docket, however, indicates that most of the bars have entered into settlement agreements addressing

their   liability.       See   Delfino   v.   Griffo,   D-202-CV-200603125,   available   at

http://www2.nmcourts.gov/caselookup/app (indicating that the following state defendants have

entered into a settlement agreement with Gina Delfino: (i) Cue, Inc.; (ii) Doc & Eddy's; (iii) 3TM

Investments, Inc.; (iv) Kraffty, LLC, d/b/a Uptown Sports Bar & Grill and Uptown Square Venture;

(v) Brinker International, d/b/a Chili's Restaurant; (vi) Brinker Restaurant Corporation; (vii) Ronald

Nelson;  and  (viii)  John  Whisenant).    Accordingly,  the  only  remaining  defendants  in  the  state

litigation are: (i) Merck & Co.; (ii) Paz, a Merck & Co., Inc. employee; (iii) Schering Corp., which

is now known as Merck & Co.; (iv) Griffo and T. Gonzales, Schering Corp.'s employees; (v) Abbott

Laboratories; and (vi) Donahue, Abbott Laboratories's employee.  Schering Corp. and Old Republic

also argue that the state and federal proceedings are not parallel, because Old Republic is not a party

to the state action.

Although Old Republic is not a defendant to the state action, the Court notes that it and

Schering have an identity of interests.  Both Schering Corp. and Old Republic ask that the Court find

that Griffo and T. Gonzales were not acting within the course and scope of their employment.

Schering Corp. asks that the Court make such a determination, because a decision in its favor on that

issue would end its involvement in the state court litigation.  See Response at 4.  Old Republic asks

that the Court make such a determination, because a decision in its favor would terminate its

obligation to provide a defense for Griffo and T. Gonzales under the terms of the insurance policy.

See Response at 7.  The state court could also decide this issue, as this issue will likely determine

Schering Corp.'s liability in the state case.  If the state court decided the course-and-scope-of-

employment question, such a ruling would also determine Old Republic's duty to defend, because Schering Corp. and Old Republic's involvement in the state case both hinge on that issue.  Schering Corp., as a party to the state case, is in a position to ask the state court to decide this issue and thus obtain relief for both itself and for Old Republic.  Whether the federal court decides the issue or the state court decides the issue, that decision will determine both Schering Corp.'s liability and Old Republic's future obligations.  Accordingly, whichever court decides the question of course and scope of employment, that court will ultimately determine whether Schering Corp. remains in the state case.  See Response at 4 ("A decision in this case that Griffo and [T.] Gonzales were not in the course and scope of their employment would end Schering's participation in the case.").  Thus, this case is similar to St. Paul Fire and Marine Insurance Co. v. Runyon, where the Tenth Circuit stated that the "issue in the federal declaratory judgment action is identical to what would be a defense to the state court contract action."  53 F.3d at 1169.  Furthermore, the Tenth Circuit found that, although the state court could not issue a declaratory judgment, under an Oklahoma statute, the contract case would resolve the question of insurance coverage.  See St. Paul Fire & Marine Ins. Co. v. Runyon, 53 F.3d at 1169.  Similarly, while Old Republic may not be able to obtain a declaratory judgment from the state court, Schering Corp. can file a motion for summary judgment and the state court will ultimately determine whether Griffo and T. Gonzales were acting within the course and scope of their employment, and then resolve Schering Corp.'s liability.  Additionally, Senior Judge Baldock in Progressive Specialty Insurance Co. v. Thakur  held that, although the federal defendant's state lawsuit was broader in scope than the federal declaratory judgment action and involved an additional defendant, the state suit raised "issues identical to [its] federal counterpart."  Thakur Order at 3. The case before the Court thus involves "substantially the same parties" litigating "substantially the same issues."  Hartford Fire Ins. Co. v. Gandy Dancer, LLC, 2011 WL 1336523,

at *12.

Moreover, one of Schering Corp.'s affirmative defenses in the state action is that Griffo and T. Gonzales were not acting within the course and scope of their employment.  See Tr. at 26:12-15 (Aguilar); MTD at 2.[6]  The Eighth Circuit has held that "the Declaratory Judgment Act is not to be used to bring to the federal courts an affirmative defense which can be asserted in a pending state action."  Int'l Ass'n of Entrepreneurs of Am. v. Angoff, 58 F.3d at 1270 (citing Franchise Tax Bd. Of Calif. v. Constr. Laborers Vacation Trust for S. Calif., 463 U.S. 1, 16 (1983)).  The United States Court of Appeals for the Seventh Circuit has stated: "[W]e are of the opinion that to compel potential personal injury plaintiffs to litigate their claims at a time and in a forum chosen by the alleged tortfeasor would be a perversion of the Declaratory Judgment Act."  Cunningham Bros., Inc. v. Bail, 407 F.2d 1165, 1167 (7th Cir. 1969).  Relying on that Seventh Circuit case, the Western District Court of Michigan, in Morrison v. Parker, held that the federal courts have resisted, as "perversions of the Declaratory Judgment Act," granting declaratory judgments "by reason of certain state-law affirmative defenses."  90 F.Supp.2d at 880.  Schering Corp.'s assertion of the course-and-scope issue as an affirmative defense again shows the overlap, and parallel, between the case before the Court and the state court proceeding.  Because the course-and-scope issue is an affirmative defense in the state proceeding, Schering Corp. could raise it on a motion for summary judgment and have the state court decide the same question it now asks the Court to decide.

Additionally, this case is unlike the Court's opinion in Hartford Fire Insurance Co. v. Gandy

---

[6]Gina Delfino asserted at the hearing and in her Motion to Dismiss that Schering Corp. has raised the issue whether Griffo and T. Gonzales were in the course and scope of their employment as an affirmative defense in the state proceeding.  Schering Corp. did not dispute, either in its Response or at the hearing, that it had raised this affirmative defense in the state proceeding.  In the Response, Schering Corp. asserted that, in the state case, "Schering denied Griffo and [T.] Gonzales were in the course and scope" of their employment.  Response at 11.

Dancer, LLC, where the Court found that it could determine whether a duty to defend and indemnify existed solely on the pleadings and the insurance contract.  See 2011 WL 1336523, at *16.  In that case, the Court stated that it would "be able to decide at least The Hartford's request for declaratory judgment on its duty to defend . . . as a matter of law on the pleadings and insurance policies." Hartford Fire Ins. Co. v. Gandy Dancer, LLC, 2011 WL 1336523, at *18.  In their Response, Schering Corp. and Old Republic argue that they will "soon file a motion for summary judgment that will show that the allegations made by Delfino in the state case complaint cannot be properly characterized as factual allegations for consideration in the duty to defend analysis."  Response at 2.  Moreover, at the hearing, Schering Corp. and Old Republic stated that the Old Republic insurance policy is not before the Court.  Schering and Old Republic further assert that "additional facts," although "very few," are necessary to "show that it is improbable that there were ever a business purpose to the events."  Response at 2-3.  At the hearing, Schering Corp. and Old Republic also reiterated that the discovery necessary in this case would be limited.  See Tr. at 32:14-15 (Gulley).  They represented that A. Gonzales, the most important witness in their view, has not yet been deposed and that, because her state criminal case is pending before the Supreme Court of New Mexico, A. Gonzales would likely claim the Fifth Amendment in any deposition.  See Tr. at 32:18-33:21 (Court, Gulley).  Schering Corp. and Old Republic also stated that they may wish to re-depose some witnesses from the state case, including Donahue.  See Tr. at 32:16-17 (Gulley).  Thus, even if the Court were to allow the declaratory judgment action to proceed the Court would not be able to quickly decide the issues that Schering Corp and Old Republic want decided expeditiously.  If A. Gonzales asserts her Fifth Amendment rights, she might not be deposed in either case in the near future.  Discovery would take place in both cases.  Thus exercising jurisdiction may not save Schering Corp. and Old Republic from the expense of the depositions in January and February.  It

is unlikely that a motion for summary judgment would even be filed and resolved before the state court discovery is over.  It is not clear that proceeding in federal court would save anyone any money.

The state judicial system has expended substantial resources on the underlying state lawsuit. That case has gone to the Court of Appeals of New Mexico and the Supreme Court of New Mexico. Additionally, it was not until after the Supreme Court of New Mexico published its opinion on social host liability under the Liquor Liability Act that Schering and Old Republic filed this Complaint. See Delfino v. Griffo, 150 N.M. 97, 257 P.3d 917 (filed April 8, 2011); Compl. at 1, filed April 28, 2011.  At the hearing, the parties asserted that they did not believe Judge Nash was aware of the Complaint filed in this Court.  See Tr. at 20:12-14 (Gulley); Tr. at 29:9-13 (Court, Aguilar). Schering Corp. and Old Republic also represented that some discovery had already taken place in the state proceeding.  See Tr. at 32:15-16 (Gulley)(representing that Griffo and T. Gonzales have already been deposed).  The Tenth Circuit has suggested that, where a state court proceeding is far along and the federal proceeding would interfere, the federal court should decline jurisdiction. See State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d at 984 ("This is not a case, therefore, where the district court found a material factual dispute . . . . That would present quite a different issue, particularly in light of the fact that . . . the state proceeding was quite far along.").  The Court has, in the past, noted that state courts -- with many more cases and no law clerks -- are generally pleased to have the federal courts -- with its many more resources and law clerks -- decide an insurance coverage question.  See Am. Nat'l Prop. & Cas. Co. v. Wood, 2008 WL 2229742, at *11.  The Court has been more cautious, however, after Judge Hall expressed a desire to address the state-law question at issue in that case and stated that "the obligation exists on the State Court to address those issues."  Am. Nat'l Prop. & Cas. Co. v. Wood, 2009 WL 1299797, at *5.  While the Court's

experience has been more with the Second Judicial District Court in Albuquerque, and its judges may still be happy to have the federal court's help, caution suggests that the Court not assume they want the Court's help. If, of course, Judge Nash learns of this federal case and signals that she would not mind the issue of course and scope being decided here, she can so indicate, and the Court can re-examine the issue.

In the meantime, the Court must make its best determination on the record before it now. Accordingly, if Judge Nash defers to the declaratory judgment action, the federal case will delay her case. If she does not defer, then this case could be a waste of time and resources. Thus, this case will either interfere with the state case or be a waste of time and effort in this Court.

The state court proceeding involves substantially the same parties litigating substantially the same fact-based issues, including Schering Corp.'s affirmative defense. The state judicial system has done substantial work. The Court determines that exercising its discretionary jurisdiction in this case would increase friction between the state and federal judicial systems. Accordingly, this factor weighs in favor of declining to exercise jurisdiction and staying this proceeding.

## II.    THE OTHER STATE FARM FIRE AND CASUALTY CO. V. MHOON FACTORS DISFAVOR ALLOWING THIS CASE TO PROCEED.

The remaining State Farm Fire and Casualty Co. v. Mhoon factors also weigh in favor of granting Gina Delfino's motion and declining to exercise jurisdiction over the declaratory judgment action. The Tenth Circuit has adopted a five-factor test for evaluating whether a district court should exercise its discretionary jurisdiction over a declaratory judgment action:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy

which is better or more effective.

St. Paul Fire and Marine Ins. Co. v. Runyon, 53 F.3d at 1169 (alterations original)(quoting State Farm Fire and Cas. Co. v. Mhoon, 31 F.3d at 983).

The first and second factors, whether a declaratory action would settle the controversy and whether a declaratory action would serve a useful purpose in clarifying the legal relations between the parties, are "designed to shed light on the overall question of whether the controversy would be better settled in state court."  United States v. City of Las Cruces, 289 F.3d at 1187.  To that end, the Tenth Circuit found that the district court correctly determined that these factors weighed in favor of declining jurisdiction based on the following: (i) the state court action was better suited to address the issues before it as part of a unified proceeding; (ii) a Notice of Intent had been issued which, although not binding, signaled that issues addressed in the federal proceeding would also be included in the state proceeding; and (iii) several federal parties who were not parties to the state action could intervene.  See United States v. City of Las Cruces, 289 F.3d at 1187-1189. Additionally, the United States Court of Appeals for the Sixth Circuit held that this factor "weighs heavily in favor of dismissing the declaratory judgment suit," because "the only 'useful purpose' these declaratory judgment actions could serve is an ultimate determination of liability on an already-accrued damages claim." AmSouth Bank v. Dale, 386 F.3d at 786.  Because Schering Corp. and Old Republic are both plaintiffs in the federal action, this case does not present a scenario where the declaratory judgment action seeks only to clarify the relationship between the insured and insurer.  Schering Corp. has stated that, if the Court decides this issue and determines that there is no duty to defend, then it will use this Court's decision as res judicata to preclude any state court finding of liability.  See Tr. at 18:7-9 (Court); Tr. at 18:10 (Gulley).  The Court believes that it may be more efficient to have the state court settle this issue, because the state court: (i) is more familiar

with the facts; (ii) has already begun conducting discovery; (iii) already has several motions for summary judgment pending before it; and (iv) is the forum that Gina Delfino chose to determine questions of tort liability. A more unified proceeding is best suited for determining issues of tort liability, which the course-and-scope question would resolve for Schering Corp. The state court will need to decide this issue in the natural course of its case. Going Schering Corp. and Old Republic's route might require two jury trials -- one in state court and one in federal court -- rather than one. The Court believes that these factors weigh in favor of declining jurisdiction.

The Court also has concerns with respect to the third factor -- whether the declaratory judgment action is being used for purposes of procedural fencing or as a part of a race to res judicata -- and believes that it weighs in favor of declining to exercise jurisdiction. In United States v. City of Las Cruces, the Tenth Circuit found that it is "significant that the United States filed the [declaratory judgment] action just a short time after the last jurisdictional objections to the New Mexico adjudication were rejected and it became clear the adjudication [would] proceed to judgment." 289 F.3d at 1190. Additionally, in St. Paul Fire and Marine Insurance Co. v. Runyon, the Tenth Circuit found that the district court did not abuse its discretion when it determined that an insurer's filing of a declaratory judgment action on the eve of the insured's state contract suit after waiting three years before seeking declaration constituted procedural fencing. See 53 F.3d at 1170. Gina Delfino argues that it is "disingenuous for [Schering Corp. and Old Republic] to contend this is a dispute regarding the provision of an insurance contract, when the insured, Schering, is the party who would truly benefit from a favorable ruling because it would directly impact its liability." MTD at 21-22. Schering Corp. and Old Republic assert that it is well settled that "a plaintiff-insurer cannot fairly be characterized as using the declaratory judgment remedy as a means for procedural fencing given that . . . [these] are precisely the type of actions for which declaratory judgment is

-47-

intended to resolve."  Response at 8 (citing <u>Continental Cas. Co. v. Bowen</u>, No. 2:09-cv-00810, 2010 WL 3743909, at *2 (D. Utah Sept. 22, 2010)(Campbell, J.)).

This case is the second declaratory action that Schering Corp. and Old Republic have filed in federal court.  <u>See</u> First Declaratory Judgment Complaint at 1.  The First Declaratory Judgment Complaint was filed June 9, 2008, approximately a month and a half after Gina Delfino filed her Third Amended Complaint in state court.  The parties stipulated to dismissal of the First Declaratory Judgment Complaint without prejudice on September 9, 2008, after the state court entered an order dismissing claims against Griffo, Gonzales, Abbott Laboratories, Merck & Co., and Paz in the state lawsuit.  <u>See</u> Stipulation of Dismissal at 1.  The current declaratory judgment action was filed on the same day that the Supreme Court of New Mexico entered its opinion in <u>Delfino v. Griffo</u>, 150 N.M. 97, 257 P.3d 917, which held that Schering Corp. and the other pharmaceutical defendants in the state case could be liable under the Liquor Liability Act.  This chronology suggests that the purpose of the action before the Court is procedural fencing and a race to res judicata, because when the state court proceeding appeared likely to find that Schering Corp. was not liable, it did not object to letting the state action proceed.  Indeed, Schering Corp. and Old Republic stipulated to the dismissal of its earlier declaratory action complaint.  <u>See</u> Stipulation of Dismissal at 1.  Schering Corp. and Old Republic ask that this Court act expeditiously to resolve an important coverage question; however, when Schering and Old Republic had the opportunity to have Judge Johnson decide the same question, they preferred to allow the state court to proceed and stipulated to the dismissal without prejudice of their First Declaratory Judgment Complaint.  <u>See</u> First Declaratory Judgment Complaint at 1.  Furthermore, Schering Corp. has conceded that its intent was to use a judgment from the Court as collateral estoppel in the state case.  <u>See</u> Tr. at 18:7-10 (Court, Gulley). Accordingly, a decision in this case would address not only Old Republic's duty to defend, but

would allow Schering Corp. to avoid having the state court, Gina Delfino's choice of forum for her tort claims, decide an issue determinative of its liability.  Because the procedural background of this case indicates that Schering Corp. and Old Republic may have engaged in procedural fencing, and because Schering Corp. freely admits that it intends to use the Court's decision as collateral estoppel in the state case, the Court finds that this factor -- whether the declaratory judgment action is being used for purposes of procedural fencing or as a part of a race to res judicata -- weighs in favor of declining jurisdiction.

Because the Court has already discussed whether a declaratory judgment would increase friction between the state and federal courts, the final factor under the State Farm Fire and Casualty Co. v. Mhoon factors is whether there is an alternative remedy that is better or more effective.  Gina Delfino argues that the state lawsuit, initiated in 2008, is the "best forum for completing factual issues raised by the Delfino's claims, and for trying those factual issues, as well as the issues of state law raised by Schering's denial that its employees were in the course and scope of employment." MTD at 24.  She contends that Schering Corp. "will have a full and complete opportunity" to address this question in the state court action.  MTD at 25.  Schering Corp. and Old Republic assert that there "is no 'alternative' case in which to address Old Republic's claims."  Response at 10. They further argue that Schering Corp.'s duty to defend Griffo and T. Gonzales mimics that of an insurer and that it would be highly prejudicial for Schering Corp. to raise an issue relating to insurance coverage in the underlying state personal injury action.  Response at 11-12 (citing Safeco Ins. Co. of Am. v. U.S. Fid. & Guar. Co., 101 N.M. 148, 149, 679 P.2d 816,  817 (1984)).[7]  The

_____

[7]In Safeco Insurance Company of America v. United States Fidelity & Guaranty Company, the Supreme Court of New Mexico held that informing a jury of a party's insured status could prejudice that party because "a juror might infer that insured parties . . . have access to 'deep pockets' and it could return a verdict accordingly."  101 N.M. at 149, 679 P.2d at 817.  Schering

Court agrees that Schering Corp. will have a full and complete opportunity to assert that Griffo and T. Gonzales were not acting within the course and scope of their employment in the state case. Although Schering Corp. asserts that it would be prejudiced because making such an argument would necessitate disclosing information related to insurance coverage to the jury, Schering need not face this prejudice or discuss the course-and-scope issue in the context of insurance. Whether Griffo and T. Gonzales were acting within the course and scope of their employment goes to Schering Corp.'s vicarious liability under the Liquor Liability Act, and Schering need only raise the issue in this context. Indeed, Schering Corp. would like the Court to decide the course-and-scope issue so that it can use that decision as collateral estoppel in the state case on the issue of Schering Corp.'s liability. Furthermore, although Schering Corp.'s duty to defend Griffo and T. Gonzales may mimic the role of an insurer, Schering Corp. has conceded that it is pursuing a declaratory judgment to establish its non-liability in the state case. See Tr. at 18:7-10 (Court, Gulley).

Accordingly, like United States v. City of Las Cruces, the state proceedings would produce a "more comprehensive and cohesive" remedy, because it could more fully address the liability issues remaining in the state case. 289 F.3d at 1191. Additionally, like United States v. City of Las Cruces, the "federal declaration can hardly be considered an 'effective' remedy" because the state will have to address similar issues, either in the motions on summary judgment already before it or in determining liability. 289 F.3d at 1191. Because the Court believes that the state court can provide a more comprehensive remedy, this factor -- whether there is an alternative remedy that is better or more effective -- weighs in favor of declining jurisdiction.

---

Corp. does not explain, however, how this case would apply were Schering Corp. to raise this issue in a motion for summary judgment or why Schering could not raise the issue of course and scope of employment without reference in connection with its own liability, rather than in the context of Old Republic's insurance coverage.

On balance, the factors favor the Court declining jurisdiction over the declaratory judgment action. To proceed with this case would require that the Court decide a factual issue, would require discovery, and would duplicate some of the proceedings taking place in state court. The Court will therefore decline to exercise jurisdiction.

## III.   THE COURT WILL STAY THE CASE PENDING RESOLUTION OF THE STATE COURT CASE.

Gina Delfino asks that the Court dismiss the declaratory judgment action, or alternatively, stay the federal proceeding. When there is a choice to stay or dismiss a case where there are contemporaneous state and federal proceedings, the Tenth Circuit has stated:

> We think the better practice is to stay the federal proceeding pending the outcome of the state proceeding. Attwood [v. Mendocino Coast Dist. Hosp.], 886 F.2d [241,] . . . 243 [(9th Cir. 1989)]; Rosser [v. Chrysler Corp.], 864 F.2d [1299,] . . . 1308-09 [(7th Cir. 1988)]; Mahaffey v. Bechtel Assocs. Professional Corp., 699 F.2d 545, 546-47 (D.C. Cir. 1983); Allen v. Louisiana State Bd. of Dentistry, 835 F.2d 100, 105 (5th Cir. 1988), cert. denied, 503 U.S. 1006 . . . (1992). In the event the state court proceedings do not resolve all the federal claims, a stay preserves an available federal forum in which to litigate the remaining claims, without the plaintiff having to file a new federal action.

Fox v. Maulding, 16 F.3d 1079, 1083 (10th Cir. 1994). Accord Am. Nat'l Prop. and Cas. Co. v. Wood, 2009 WL 1299797, at *6. Also, it may be that the state court resolves all the disputes before it except the issues in this case, and the parties and the state court may then want the Court to decide the remaining issues, thus eliminating many of the concerns that the Court has expressed. Accordingly, the Court will take the more conservative course of staying the federal-court proceedings and allow the state court action to play out.

**IT IS ORDERED** that Plaintiff Gina Delfino's Motion to Dismiss and, Alternatively, Motion to Stay, filed June 17, 2011 (Doc. 11), is granted in part and denied in part. The Court will grant the request to stay the case pending the resolution of the state proceeding and will deny the

request that the Court dismiss the Complaint for Declaratory Relief, filed April 28, 2011 (Doc. 1).

The Court orders that the parties must provide the Court with a status report regarding the status of

the state proceedings every 120 days.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Thomas P. Gulley
Rebecca L. Avitia
Bannerman & Johnson, P.A.
Albuquerque, New Mexico

>        *Attorneys for the Plaintiffs*

Mark D. Jarmie
Jarmie & Associates
Albuquerque, New Mexico

*-- and --*

Mark D. Standridge
Jarmie & Associates
Las Cruces, New Mexico

>        *Attorneys for Defendants Donald J. Griffo and Thomas Gonzales*

Brian S. Colon
Robles Rael & Anaya, P.C.
Albuquerque, New Mexico

*-- and --*

Esteban A. Aguilar, Sr.
Albuquerque, New Mexico

>        *Attorneys for Defendant Gina Delfino*